IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | )    CRIMINAL NO. 3:11-374-CMC |
| | ) |
| v. | )    **OPINION and ORDER** |
| | ) |
| Matthew Yates, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

    Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant contends he received ineffective assistance of counsel at sentencing. The Government filed a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant has responded to the Government's motion and this matter is ripe for resolution.

    Defendant argues that counsel was ineffective in failing to challenge the attribution of 1.68 kilograms of "crack" cocaine to him under U.S.S.G. § 3B1.1; in failing to challenge the enhancement to Defendant's sentence for possession of a dangerous weapon under U.S.S.G. § 2D1.1(b)(1); and in failing to argue for application of the penalties under the Fair Sentencing Act. In his response to the Government's summary judgment motion, Defendant withdraws his claim regarding the Fair Sentencing Act. *See* Reply at 1 (ECF No. 131, filed Nov. 26, 2012).

    The other aspects of Defendant's motion relating to counsel's actions at sentencing are without merit. Petitioner is incorrect in his recitation of the facts relating to calculation of his base offense level and any role played by the inclusion (or not) of "crack" cocaine. Defendant concedes that "[t]he [Goverment's] Response is correct in that [Defendant] cannot show that he was

1

prejudiced in regards to his offense level and sentencing range." Reply at 4. However, Defendant takes the position that at sentencing, the court "lowered [Defendant's] base offense level of 38 to level 36 because the offense involved crack and another controlled substance" and that if the Defendant had been charged with cocaine only, "the court could have imposed a variance sentence below the advisory guideline range of 168-210 months, which is prejudice." *Id*. This position is simply incorrect. If Defendant's offense level had been determined based upon cocaine only, there would be no reason for the imposition of a variance sentence based upon a "crack"/powder disparity. Therefore, Defendant's argument is rejected.

Defendant also contends that he has experienced prejudice in his classification in the Bureau of Prisons (BOP). This collateral consequence of the execution of Defendant's sentence is not a valid basis for § 2255 relief.

Defendant argues counsel was ineffective in failing to challenge the two-level enhancement for possession of a dangerous weapon under § 2D1.1(b)(1). Even assuming, for purposes of this argument only, that counsel was ineffective in failing to challenge the enhancement, Defendant cannot establish prejudice. If the enhancement had not applied, Defendant's offense level would have been a 33/I, resulting in an advisory sentencing range of 135-168 months' imprisonment. Defendant was sentenced to 168 months' imprisonment and makes no showing that he would have received a sentence different than the sentence he is currently serving.

The court has reviewed the complete record in this case. For the reasons stated above, the court grants the Government's motion for summary judgment as to Defendant's claim for relief.

**IT IS THEREFORE ORDERED** that the Government's Motion for Summary Judgment is **granted.** The motion under 28 U.S.C. § 2255 is *dismissed with prejudice*.

### CERTIFICATE OF APPEALABILITY

2

> The governing law provides that:
>
> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 28, 2012